UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-1605(DSD/RLE)

James Allen Martin,

        Petitioner,

v.                                            **ORDER**

Dean Mooney,

        Respondent.

This matter is before the court upon petitioner's pro se objections to the report and recommendation of Magistrate Judge Raymond L. Erickson, dated March 22, 2007. In his report, the magistrate judge recommended that petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Following a de novo review of the magistrate judge's findings and recommendations, 28 U.S.C. § 636(b)(1)(C), the court adopts the thorough and well-reasoned report and recommendation of the magistrate judge in its entirety.

**DISCUSSION**

The Anoka County District Court of Minnesota found petitioner James Allen Martin to be a "sexually dangerous person," as defined by subdivision 18c of Minnesota Statutes section 253B.02, and ordered his civil commitment to the Minnesota Sex Offender Program

("MSOP").  The Minnesota Court of Appeals affirmed petitioner's commitment.  In re Civil Commitment of Martin, No. A0-41634, 2005 WL 354088 (Minn. Ct. App. Feb. 15, 2005).  Petitioner brought this habeas corpus action challenging the constitutionality of his civil commitment and seeking release from the MSOP.  The magistrate judge recommends that the petition be denied.

Petitioner objects to the magistrate judge's recommendation, arguing that the state courts unreasonably applied clearly established federal law by finding that he is a sexually dangerous person and ordering his civil commitment. Specifically, petitioner argues that (1) his commitment under the Minnesota Sexually Dangerous Person Act ("SDP Act") is in violation of the due process principles enunciated by the Supreme Court in Kansas v. Crane, 534 U.S. 407 (2002), Kansas v. Hendricks, 521 U.S. 346 (1997), and Foucha v. Louisiana, 504 U.S. 71 (1992), because he has not been convicted of committing a criminal sex offense and the Minnesota courts did not specifically find that he is unable to adequately control himself; (2) he is a non-mentally ill person who has been civilly committed based solely on his thoughts in violation of the Equal Protection Clause; and (3) he is entitled to a jury trial on the issue of whether he is a sexually dangerous person.

To warrant federal habeas relief from a state court judgment, a petitioner must establish that the state court's resolution of a federal constitutional claim "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362 (2000). A decision is contrary to clearly established federal law if it applies a rule that contradicts Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Swartz v. Burger, 412 F.3d 1008, 1009-10 (8th Cir. 2005). An unreasonable application of federal law occurs when a state court applies Supreme Court precedent in an "objectively unreasonable manner." Brown, 544 U.S. at 141; Swartz, 412 F.3d at 1009-10. Habeas relief is not warranted when a federal court concludes that a state court erroneously applied federal law. Davis v. Norris, 423 F.3d 868, 875 (8th Cir. 2005) (citing Williams, 529 U.S. at 411). Rather, "the test is whether the state court's application of the law was unreasonable." Id.

Civil commitment under the SDP Act requires clear and convincing proof of a "course of harmful sexual conduct" and a "sexual, personality, or other mental disorder or dysfunction" that is likely to result in "acts of harmful sexual conduct." Minn. Stat. § 253B.02, subd. 18c(1-3). In addition, to comport with the requirements of federal substantive due process set forth in Hendricks, the Minnesota SDP Act requires a finding by clear and convincing evidence of "'lack of adequate control' in relation to

[the] properly diagnosed disorder or dysfunction." Linehan v. Milczark, 315 F.3d 920, 927 (8th Cir. 2003) (quoting In re Linehan, 594 N.W.2d 867, 870 (Minn. 1999)).

Each of petitioner's objections to the magistrate judge's report and recommendation is without merit.  First, the magistrate judge correctly determined that neither the Due Process Clause nor the Supreme Court precedent relied upon by petitioner requires that an individual be convicted of a criminal sex offense before he or she is civilly committed under the SDP Act.  Therefore, the state courts' determination that the SDP Act is constitutional as applied to petitioner is not contradictory to clearly established federal law.  Second, the Minnesota Court of Appeals did not apply Supreme Court case law in an objectively unreasonable manner when it determined that petitioner's commitment under the SDP Act did not violate the Due Process Clause or the Equal Protection Clause.  See In re Civil Commitment of Martin, 661 N.W.2d 632, 640-41 (Minn. Ct. App. 2003).  As to petitioner's substantive due process argument, the Minnesota Court of Appeals expressly determined that the evidence of record compelled a finding that the petitioner lacks adequate control over his sexual impulses and behavior.  Id. at 639-40.  As to petitioner's equal protection argument, an individual who is not mentally ill but is nonetheless found to be a "sexually dangerous person" under the SDP Act is not similarly situated to non-mentally ill individuals who have not been found to

be sexually dangerous persons.  See Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994) (first step in equal protection claim is to establish government treated  plaintiff differently from people similarly situated).  Lastly, there is "no clearly established Supreme Court law which holds that due process requires a jury trial in civil commitment proceedings or that incorporates the Seventh Amendment right to a jury."  Poole v. Goodno, 335 F.3d 705, 710-11 (8th Cir. 2003).

For these reasons, following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge [Docket No. 21].

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1.   Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1] is denied.

2.   Petitioner's "Motion for Order and Injunction" [Doc. No. 16] is denied.

3.   This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 3, 2007

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court